**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DOMINICK AMMIRATO,** | : | **Civil Action No.** |
| **130 Terrace Court** | : | |
| **Kunkletown, PA 18058** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **NYLEVE BRIDGE CORPORATION,** | : | |
| **1540 Chestnut Street** | : | |
| **Emmaus, PA 18049** | : | |
| **Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Dominick Ammirato (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Nyleve Bridge Corporation (hereinafter "Defendant"), for violations of the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA"), the Family and Medical Leave Act of 1993, as amended ("FMLA"), and the at-will employment doctrine. In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant Nyleve Bridge Corporation is a construction company with a location and corporate headquarters located at 1540 Chestnut Street, Emmaus, PA 18049.

4. Defendant is an entity engaged in an industry or activity affecting commerce which employes 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweeks in the current or preceding year relevant to the matter at issue.

5. At all times material hereto, Plaintiff was employed by Defendant for at least twelve hundred and fifty (1,250) hours of service during the twelve-month period prior to requiring leave.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

7. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

8. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

9. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus

satisfying the standard set forth by the United States Supreme Court in <u>International Shoe</u> <u>Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

10. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

11. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

12. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

13. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

14. Plaintiff exhausted his administrative remedies under the ADEA, the ADA and PHRA.

15. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on April 11, 2024, alleging age and disability discrimination and retaliation against Defendant.

16. The Charge was assigned a Charge Number 530-2024-05112 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

17. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated August 20, 2024.

18. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

19. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to his federal law claims, and within two years of the issuance of the Right to Sue in this matter as it relates to his PHRA claims.

20. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

**MATERIAL FACTS**

21. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

22. On or around May 1, 2012, Defendant hired Plaintiff in the position of Teamster Truck Driver.

23. Plaintiff was well qualified for his position and performed well.

24. In or around 2022, Plaintiff's younger coworkers, including Joe Poolo, Small Engine Mechanic, Chris Hubert, General Mechanic, and Dave Holmes, Plaintiff's supervisor, began to harass Plaintiff due to his age.

25. Poolo, Hubert and Holmes would put things on Plaintiff's truck, take personal belongings from Plaintiff's locker and hide them, and put items in Plaintiff's lunch box to poke fun at him.

26. In or around 2022, Poolo, Hubert and Holmes stated that Plaintiff was "too old" and "shouldn't work [at Defendant] anymore."

27. Poolo, Hubert and Holmes stated that Plaintiff was "too old", "senile" and "[couldn't] remember where [he] put things," when Plaintiff asked where his hidden personal belongings were.

28. On or around July 26, 2022, Poolo and Hubert placed ladders and chairs in front of Plaintiff's truck in order to harass him.

29. Plaintiff went to move the items and slipped on wet pavement from the rain.

30. Plaintiff tore his rotator cuff and sustained elbow, knee and finger injuries.

31. Plaintiff immediately reported this to Kent LNU, Supervisor, and Bob Higman, EEO Officer and Safety Director.

32. The injuries Plaintiff sustained were serious medical conditions considered to be disabilities under the Americans with Disabilities Act of 1990, as amended ("ADA") and the Pennsylvania Human Relations Act ("PHRA").

33. The major life activities affected by Plaintiff's torn rotator cuff and other injuries included, but were not limited to, performing manual tasks and lifting.

34. Plaintiff filed a worker's compensation claim in connection with his workplace injury.

35. Defendant sent Plaintiff to an occupational health specialist, who sent him to physical therapy.

36. Plaintiff's doctor placed him on light duty.

37. Plaintiff could not lift more than thirty (30) pounds per his doctor's orders.

38. Plaintiff was forced to take off two (2) to three (3) hours of work each week to attend physical therapy as a result of this incident.

39. Holmes and Hubert began to make comments that Plaintiff could not be relied on because he had to attend physical therapy appointments.

40. Holmes began to berate Plaintiff, calling him constantly and asked him what was taking so long when he was away at job sites sixty (60) to seventy (70) miles away.

41. Mike Setzman and Bob Baker, Plaintiff's Job Site Supervisors, assured Holmes that Plaintiff was performing well and was working at the job site until he was sent home by his superiors.

42. In or around September 2022, Higman issued Plaintiff an unprompted write up due to his injury by Higman.

43. Higman alleged that Plaintiff was "horsing around" and that his injury was his own fault.

44. Days later, Poolo poured water all over Plaintiff's seat when he came in for his break.

45. Plaintiff's younger coworkers also drew penis shaped drawings on Plaintiff's truck and put a sticker on the truck that said "dick."

46. Plaintiff complained to Holmes, Higman and Scott Schultz, Owner, about the ongoing harassment.

47. However, Holmes, Higman and Schultz brushed off the conversation and refused to address Plaintiff's complaints.

48. In or around January 2023, Plaintiff complained to Schultz that he was being retaliated against due to his workplace injury.

49. Schultz responded that people have seen Plaintiff working and he "doesn't seem like [he] is in much pain."

50. Further, Schultz stated that Plaintiff could not get surgery on his rotator cuff in January 2023, but instead had to wait until February 2024 to get his surgery so he could continue to work longer before his surgery.

51. In or around November 2023, Plaintiff told Holmes he would be taking a spare propane tank home and would bring it back full whether he used it or not.

52. Importantly, Defendant has a lax policy about bringing tools and equipment home.

53. Plaintiff had done this in prior years with no issue.

54. Holmes, Poolo and Hubert also took tools and equipment home without issue.

55. On or around November 15, 2023, Schultz and Kent called Plaintiff.

56. Schultz and Kent abruptly terminated Plaintiff's employment.

57. Schultz alleged that Plaintiff "stole equipment from [Defendant]."

58. However, Holmes, Poolo and Hubert were never disciplined or terminated for causing damage to Plaintiff's truck or for harassing Plaintiff.

59. Schultz was aware that Plaintiff needed surgery for the injuries he sustained in his workplace injury in early 2024 and would require a medical leave of absence in order to recover from the surgery.

60. Schultz was also aware that Plaintiff planned to retire in or around April 2024.

61. Plaintiff was 69 years old at the time of his termination.

62. Defendant discriminated against Plaintiff due to his age and disability and retaliated against for complaining about age and/or disability discrimination and requesting a reasonable accommodation in violation of the ADEA, the ADA and the PHRA.

63. In addition, Plaintiff contends that he was retaliated against for filing a worker's compensation claim and that Defendant interfered with his rights under the FMLA.

64. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

## COUNT I – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

65. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

66. Plaintiff was born in 1954.

67. Plaintiff was qualified to perform the job.

68. Defendant terminated Plaintiff.

69. Defendant treated younger employees more favorably than Plaintiff.

70. Defendant has no legitimate non-discriminatory reason for its actions.

71. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II – AGE DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

72. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

73. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his age.

74. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT III – DISABILITY DISCRIMINATION**
**AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED**

75. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

76. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

77. Plaintiff was qualified to perform the job.

78. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

79. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

80. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

81. Plaintiff's disability motivated Defendant's decision to take adverse actions against Plaintiff.

82. The purported reason for Defendant's decision is pretextual.

83. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

84. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

85. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT IV – DISABILITY DISCRIMINATION
### <ins>PENNSYLVANIA HUMAN RELATIONS ACT</ins>

86. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

87. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a

record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

88. Plaintiff was qualified to perform the job.

89. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

90. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

91. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

92. Plaintiff's disability motivated Defendant's decision to terminate Plaintiff.

93. The purported reason for Defendant's decision is pretextual.

94. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

95. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT V – RETALIATION**
**AGE DISCRIMINATION IN EMPLOYMENT ACT**

96. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

97. Plaintiff engaged in activity protected by the ADEA.

98. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

99. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VI – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

100. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

101. Plaintiff engaged in activity protected by the ADA.

102. Plaintiff requested reasonable accommodations due to his disability to Defendant.

103. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

104. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VII – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

105. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

106. Plaintiff engaged in activity protected by the PHRA.

107. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

108. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VIII – INTERFERENCE
## THE FAMILY AND MEDICAL LEAVE ACT OF 1993, AS AMENDED

109. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

110. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

111. The FMLA declares it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

112. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA leave to care for his own serious health condition.

113. Defendant acted in bad faith by interfering with Plaintiff's rights under the FMLA.

114. Defendant knowingly, intentionally, willfully and/or recklessly acted in disregard of the duty to grant Plaintiff's FMLA-related request for leave.

115. Defendant's aforementioned actions violate 29 U.S.C. § 2615(a)(1) of the Family and Medical Leave Act in that the employer cannot "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

116. As a direct and proximate result of Defendant's unlawful interference with Plaintiff's rights under the FMLA, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to lost wages, pain and suffering, mental anguish,

humiliation, loss of fringe benefits, disruption of her personal life and loss of enjoyment of the ordinary pleasures of life.

117. Plaintiff demands judgment in his favor against Defendant for all available equitable relief including, but not limited to: unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

118. Plaintiff further demands judgment in his favor against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under § 2617(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the Family and Medical Leave Act of 1993.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## COUNT IX – WRONGFUL TERMINATION
## AT-WILL EMPLOYMENT DOCTRINE

119. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

120. Plaintiff was an at-will employee with Defendant.

121. Defendant terminated Plaintiff in retaliation for filing a worker's compensation claim.

122. This is a violation of the at-will employment doctrine in Pennsylvania.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Dominick Ammirato, requests that the Court grant him the following relief against Defendant:

(a)    Compensatory damages;

(b)    Punitive damages;

(c)    Liquidated damages;

(d)    Emotional pain and suffering;

(e)    Reasonable attorneys' fees;

(f)    Recoverable costs;

(g)    Pre and post judgment interest;

(h)    An allowance to compensate for negative tax consequences;

(i)    A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADEA, the ADA, the FMLA, the PHRA and the at-will employment doctrine.

(j)    Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)    Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)    Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

14

## <u>CERTIFICATION</u>

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

**KOLLER LAW, LLC**

Date: November 18, 2024          **By:**  */s/David M. Koller*
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

15